FILED

2013 OCT -3 PM 3:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

**WILCOXEN CALLAHAM, LLP**
WILLIAM M. LYONS, SBN 042558
DREW M. WIDDERS, SBN 245439
2114 K Street
Sacramento, California 95816
Telephone: (916) 442-2777
Facsimile: (916) 442-4118

Attorneys for Plaintiff, MARLA GERMANSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARLA GERMANSON,

Plaintiff,

vs.

C.R. BARD, INC., a New Jersey corporation, and DAVOL INC., (a subsidiary and/or division of defendant C.R. BARD, INC.) a Rhode Island corporation; and DOES 1 through 100, inclusive,

Defendants.

_______________________________/

Case No. CV13-06311 JAK (PLAx)

**FIRST AMENDED COMPLAINT**

Case Removed: Aug. 28, 2013

[Assigned To The Honorable John A. Kronstadt (Roybal Ctrm. 750 - 7th Floor) And, For Discovery Purposes Only, To The Honorable P. L. Abrams, Magistrate Judge (Spring Street Ctrm. G- 9th Floor)]

BY FAX

NOW COMES the plaintiff, MARLA GERMANSON, and for her Complaint against the Defendants, C.R. BARD, INC. and DAVOL INC., a subsidiary corporation and/or division of C.R. BARD, INC., and DOES 1 through 100, alleges as follows:

**THE PARTIES**

1. Plaintiff, MARLA GERMANSON [hereinafter sometimes referred to as "plaintiff" or "GERMANSON"] is a citizen and resident of the State of California, with a residence in Ventura County, in the city of Ventura, California.

2. The defendant, C.R. BARD, INC. [hereinafter sometimes referred to as "BARD" or included in the designation "BARD defendants"], is a New



WILCOXEN CALLAHAM, LLP
2114 K Street, Sacramento, California 95816

Jersey corporation, with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey, and transacts business throughout the United States including in the State of California. At all times relevant hereto, defendant, C.R. BARD, INC., individually and/or through its agents, was or has been engaged in business in California, and has conducted substantial business activity in California. Defendant has also carried on solicitations or service activities in the State of California.

3. The defendant, DAVOL, INC. [hereinafter sometimes referred to as "DAVOL" or included in the designation "BARD defendants"], a wholly owned subsidiary and/or division of C.R. BARD, INC., with its principal place of business in the State of Rhode Island, transacts business throughout the United States including in the State of California. At all times relevant hereto, defendant, DAVOL, individually and/or through its agents, was or has been engaged in business in California, and has conducted substantial business activity in California. Defendant has also carried on solicitations or service activities in the State of California.

4. The true names and capacities of defendants, and each of them, sued herein as DOES 1 through 100, inclusive, are presently unknown to plaintiff who therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes and thereon alleges that the fictitiously named defendants, and each of them, are negligently or in some manner legally responsible to plaintiffs for the events and happenings herein referred to and proximately caused damages to plaintiffs as set forth herein. Plaintiff will seek leave of court to amend this complaint to insert the true names and capacities of said fictitiously named defendants, and each of them, when the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the defendants was the actual agent, and/or ostensible agent, and/or apparent

agent, partner, joint venturer, co-conspirator, lessor, lessee, and/or employee of each of the remaining defendants, and in doing the acts or things alleged herein were acting within the course and scope of such agency, employment and/or other relationship stated herein.

## JURISDICTION AND VENUE

6. The minimal jurisdictional amount for filing this action is satisfied.

7. Venue is proper in this Court because the Plaintiff resides in and the Defendants regularly conduct business in Ventura County, California.

## GENERAL BACKGROUND ALLEGATIONS

8. Defendants designed, manufactured, sold and distributed the XenMatrix Surgical Graft implanted in the Plaintiff and represented it to be an appropriate, cost-effective and suitable product.

9. In January 2011, Defendants' XenMatrix Surgical Graft was part of a Class 1 Recall performed by the United States Food and Drug Administration ("FDA"). Class 1 is the most severe and important FDA recall that can be performed. This recall was initiated, at least in part, because several lots of XenMatrix Surgical Grafts were found to contain high levels of endotoxins.

10. According to this January 2011 FDA Recall Notice, "[c]lass 1 recalls are the most serious type of recall and involve situations in which there is a reasonable probability that the use of these products will cause serious adverse health consequences or death"; additionally the Plaintiffs XenMatrix Surgical Graft was recalled because "[s]everal lots have been found to have elevated endotoxin levels. Endotoxins (pyrogens) are substances found in certain bacteria that, at elevated levels, can cause serious illness which can be fatal."

///

///

///

11. Neither Ms. GERMANSON, nor her physicians were aware of the defective and dangerous conditions that the XenMatrix Surgical Graft represented. Nor were they aware that the unreasonably defective and dangerous condition of the XenMatrix Surgical Graft.

12. On or about August 22, 2011, Ms. GERMANSON had a surgical procedure called a Nissen fundoplication to treat gastroesophageal reflux disease (GERD) and a hiatus hernia. A XenMatrix Surgical Graft was chosen by her physician to repair the hernia.

13. Although not part of the same lots identified in the FDA ordered class 1 recall, it is alleged, on information and belief that Ms. GERMANSON's XenMatrix Surgical Graft, due to a design and/or manufacturing defect posed the same or similar dangers let to the class 1 recall (i.e. high levels of endotoxins that cause illness or death.).

14. The problems caused by Ms. GERMANSON's defective XenMatrix Surgical Graft were discovered, when, on or about January 7, 2013, Ms. GERMANSON underwent another surgery because her Nissen fundoplication had failed. The surgery was initially done laporscopically, but due to the massive adhesions and inflammation, which it is alleged on information and belief, were caused by the defects associated with the XenMatrix Surgical Graft, had to be converted to an open procedure.

15. As a result of the defects in the XenMatrix Surgical Graft, Ms. GERMANSON has suffered and will continue to suffer physical pain and mental anguish. She has incurred substantial medical bills and suffered loss of other monies.

///

///

///

///

## LIABILITY OF THE DEFENDANTS

## COUNT ONE

## NEGLIGENCE

16. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth herein.

17. Defendants DAVOL and BARD had a duty to properly manufacture, test, inspect, package, distribute, market, sell, examine, maintain, supply, and prepare for use the XenMatrix Surgical Graft.

18. DAVOL and BARD knew or in the exercise of reasonable care should have known, that the XenMatrix Surgical Graft implanted in the Plaintiff was of such a nature that it was not properly manufactured, tested, inspected, packaged, distributed, marketed, examined, sold, supplied, prepared and that it was unreasonably likely to cause serious injury.

19. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the XenMatrix Surgical Graft, that it was dangerous and unsafe for the use and purpose for which it was intended.

20. As direct and proximate result of the defects in the XenMatrix Surgical Graft, Ms. GERMANSON has suffered and will continue to suffer physical pain and mental anguish. She has incurred substantial medical bills and suffered loss of other monies

Wherefore, Plaintiff respectfully requests judgment in her favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for her costs.

///

///

## COUNT II

## MANUFACTURING AND/OR DESIGN DEFECT

21. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth herein.

22. It is alleged on information and belief that the XenMatrix Surgical Graft implanted into the Plaintiff failed to perform safely and effectively for the purpose it was intended due to a manufacturing and/or design defect.

23. The XenMatrix Surgical Graft implanted into Plaintiff was substantially in the same condition as when it left the possession of the Defendants and it was used in a manner reasonably anticipated at the time it was implanted in her by her surgeon. Because of a failure in the design and/or manufacturing process, this surgical graft was inherently dangerous for its intended use and was an unreasonably dangerous product which presented and constituted an unreasonable risk of danger and injury to MS. GERMANSON most likely related to a design and/or manufacturing defect.

Wherefore, Plaintiff respectfully requests judgment in her favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for her costs.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. General damages in excess of the minimum jurisdiction of this court, according to proof at trial;
2. Medical and incidental expenses, according to proof;
3. Damages for loss of earnings, past, present and future, according to proof;
4. Incidental expenses incurred as a result of the above incident;

5. For interest and/or prejudgment interest on all damages sought and/or incurred herein, at the legal, lawful rate;
6. For costs of suit incurred herein; and
7. For such other and further relief as may be proper.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: October 3, 2013. WILCOXEN CALLAHAM, LLP

By: /s/

WILLIAM M. LYONS
DREW M. WIDDERS
Attorneys for Plaintiff Marla Germanson